UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:19CR-00418-SWW |
| | ) | |
| BILAL AL-RAYANNI, | ) | |
| a/k/a Bilal Kassim Alawdi | ) | |

# PROTECTIVE ORDER GOVERNING GENERAL AND SENSITIVE DISCOVERY

WHEREAS, the United States has a compelling interest in preventing certain sensitive discovery materials, including declassified material[1] (collectively "Sensitive Discovery Materials"), from being disclosed to anyone not a party to the court proceedings in this matters; such material may include information relevant to ongoing national security investigations and prosecutions; and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the United States seeks to tender to the defendant certain Sensitive Discovery Materials;

AND WHEREAS, the Court has the power under Rules 16(d)(1) and 26.2 of the Federal Rule of Criminal Procedure to grant appropriate relief to the parties where required in the interests of justice;

**THEREFORE, IT IS HEREBY ORDERED** that the Government's motion for a protective order governing discovery is granted. [Doc. No. 44] Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States shall segregate the discovery materials it produces to the defendant and his counsel of record into two category: (1) General Discovery

[1] As used herein, the term "Declassified Materials" refers to any and all classified documents, materials, and information that have been marked as declassified and provided by the Government to defense counsel as part of discovery in this case.

Materials, and (2) Sensitive Discovery Materials. The category to which particular discovery materials belong shall be clearly identified by the United States.

**IT IS FURTHER ORDERED** that, except as provided below, General Discovery Materials shall not be further disseminated[2] by the defendant or his counsel of record to any individuals, organizations, or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretary staff); and (ii) experts retained to assist in the preparation of the defense. Members of the defense team may show (but not provide copies of) any General Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case. Each of the individuals to whom disclosure is made pursuant to the above provisions shall be provided a copy of the Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel;

**IT IS FURTHER ORDERED** that Sensitive Discovery Materials shall not be further disseminated by the defendant or his counsel of record to any individuals, organizations, or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The Government shall provide copies of any Sensitive Discovery Material appropriately so marked. It is expressly understood that counsel for the defendant or co-counsel may not disseminate any of such Sensitive Discovery Materials to

[2] "Disseminated" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

witnesses or potential witnesses. The defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to disseminate particularly identified item(s) to a witness and the purpose in doing so. Notice shall be filed under seal. No disclosure of the item(s) to the witness(es) shall be made until the Court so permits. The Court, after notifying the defense, may consult with the United States regarding any dissemination requests pursuant to this paragraph.

**IT IS FURTHER ORDERED** that no General Discovery Material or Sensitive Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that personal shall first have signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Protective Order of the Memorandum of Understanding executed in connection with this Order;

**IT IS FURTHER ORDERED** that all discovery materials, whether general or sensitive, in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all discovery materials shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the United States, all discovery materials shall be returned to the Government.

**IT IS FURTHER ORDERED** that defense counsel in receipt of Sensitive Discovery Materials may only make copies of the Sensitive Discovery Materials in accordance with this order. Defense counsel shall not remove from any copies of either General Discovery Materials or Sensitive Discovery Materials any inscription made by the Government identifying the

materials as "U.S. Government Property" and "May Not Be Used Without U.S. Government Permission";

**IT IS FURTHER ORDERED** that all discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense;

**IT IS FURTHER ORDERED** that no party shall make, or participate in the making of, any extrajudicial disclosure of Sensitive Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain;

**IT IS FURTHER ORDERED** that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

**IT IS FURTHER ORDERED** that counsel shall store all Sensitive Discovery Materials, and any copies thereof, in a secure place;

**IT IS FURTHER ORDERED** that nothing in this Order shall preclude the United States or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material; and

**FINALLY, IT IS ORDERED** that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**DONE AND ORDERED** this 23rd day of January 2020.

Susan Webber Wright
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:19CR00418-SWW |
| | ) | |
| BILAL AL-RAYANNI, | ) | |
| a/k/a Bilal Kassim Alawdi | ) | |

**MEMORANDUM OF UNDERSTANDING**
**REGARDING GENERAL AND SENSITIVE DISCOVERY**

I, the undersigned, am a member of the defense team and/or an expert retained to assist in the preparation of the defendant in the case *United States v. Bilal Al-Rayanni,* Eastern District of Arkansas Case No. 4:19CR00418-SWW. I have read a copy of the Protective Order Governing General and Sensitive Discovery entered by the Court, and I acknowledge that I am bound by the terms contained therein.

| | | |
|---|---|---|
| ____________________ | ____________________ | ______________ |
| SIGNATURE | PRINTED NAME | DATE |